UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| | | |
|---|---|---|
| TINA MORGAN, | ) | |
| Plaintiff, | ) | |
| v. | ) | No. 3:03-CV-423 (Phillips/Guyton) |
| TANGER OUTLET CENTERS, INC., *et al.*, | ) | |
| Defendants. | ) | |

**MEMORANDUM AND ORDER**

This matter is before the undersigned pursuant to 28 U.S.C. § 636(b), the Rules of this Court, and by Order [Doc. 29] of the Honorable Thomas W. Phillips, United States District Judge, for disposition of the plaintiff's Second Motion to Amend Complaint [Doc. 22] and the defendant Tanger Outlet Centers, Inc.'s Motion to Exclude Causation Testimony of Michael Klitzke, Ph.D. [Doc. 26].

This is a slip and fall case in which the plaintiff Tina Morgan alleges, among other things, that she suffers from post-concussive syndrome, resulting in cognitive deficiencies, memory dysfunction, headaches, fatigue, decreased motivation, and irritability. The plaintiff moves for leave to amend her Complaint to increase the *ad damnum* and "to more accurately allege the conditions" on the defendant's premises that allegedly caused the plaintiff to fall. [Doc. 22]. While the defendant does not oppose the plaintiff's motion to amend the *ad damnum* clause, it argues that the

plaintiff's proposed amendment regarding the condition of the premises would be unduly prejudicial at this late stage in the proceedings.

Rule 15(a) of the Federal Rules of Civil Procedure provides that leave to amend pleadings "shall be freely given when justice so requires." Fed. R. Civ. P. 15(a). "In the absence of any apparent or declared reason – such as undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, futility of amendment, etc.--the leave sought should, as the rules require, be 'freely given.'" Foman v. Davis, 371 U.S. 178, 182, 83 S. Ct. 227, 230, 9 L. Ed. 2d 222 (1962).

Upon review of the plaintiff's motion and the record as a whole, and for good cause shown, the Court finds the plaintiff's motion to be well-taken. The plaintiff learned of these additional facts through the course of discovery, and the Court cannot say that she was dilatory in asserting these additional facts. Furthermore, the Court does not find that the defendant would be unduly prejudiced by the amendment at this time. Accordingly, the plaintiff's Second Motion to Amend Complaint [Doc. 22] is **GRANTED.**

The defendant moves to exclude the causation testimony of the plaintiff's medical expert, neuropsychologist Michael J. Klitzke, Ph.D., on the grounds that the proffered testimony does not meet the requisite threshold for admissibility under the applicable witness competency requirements. [Doc. 26]. Specifically, the defendant cites the following testimony elicted in Dr. Klitzke's deposition on May 10, 2005:

> Q The top of Page 11 of your report you talk about some factors that could have affected Ms. Morgan's performance. Could you describe those, please.

*  *  *

A  Okay. I'll read it and then discuss it, I guess. "With regards to the lower than expected scores on tests of verbal fluency, delayed recall, and tactile perceptual abilities, several factors could affect her performance. First, the affect [sic] of decreased tolerance for frustration. An increased fatigue, due to her injury, would likely have adverse impact on her test performances. Second, she suffers from headaches as a result of the injury, and takes medications for the headaches, which tend to cause sedation, which could decrease her performance." The headaches, the fatigue, the decreased tolerance for frustration, they are all part of this post-concussive syndrome, so yeah, they are all secondary to her injuries, so far as I can tell. **To try and sort out whether the decreases in her memory or her verbal fluency is related to someone having a headache condition, or the medications they use for the headache condition, or the fatigue they experience as a result of a post-concussive syndrome, is really not something that you can realistically do, unless you spent months in the process of one-by-one trying to, if possible, sort out these things.** If you could make her headache free, which they have been trying to do for years, then you could rule out the effects of the headaches. If you could make her headache free without having to take medications, then you could rule those two things out. But we can't do that. **We don't know what the cause of some of these things are. It could be the headaches, it could be the medications, it could be she actually has a cerebral injury, in which it is.**

Q  Okay.

A  **I don't know.**

[Klitzke Depo. pp. 50-51] (emphasis added). The defendant argues that this testimony fails to show that any particular condition more likely than not caused the deficiencies claimed by the plaintiff and therefore is not admissible. The defendant further argues that Dr. Klitzke's testimony is inadequate under Rule 702 of the Federal Rules of Evidence because the testimony could not assist the trier of fact in assessing whether the plaintiff's fall was the cause of the plaintiff's claimed deficiencies.

To establish causation, Tennessee law requires medical experts to state their opinions with a reasonable degree of medical certainty. Primm v. Wickes Lumber Co., 845 S.W.2d 768, 771 (Tenn. Ct. App. 1992). "Testimony which amounts to mere speculation is not evidence which establishes proximate cause." Id. However, "if the physician's 'testimony is such in nature and basis of hypothesis as to judicially impress that the opinion expressed represents his professional judgment as to the most likely one among the possible causes of the physical condition involved, the court is entitled to admit the opinion and leave its weight to the jury.'" Miller v. Choo Choo Partners, L.P., 73 S.W.3d 897, 902 (Tenn. Ct. App. 2001) (quoting Norland v. Washington Gen. Hosp., 461 F.2d 694, 697 (8th Cir. 1972)).

In the present case, Dr. Klitzke clearly states in his deposition that, in his opinion, the plaintiff's post-concussive syndrome is the cause of the deficient results of the psychological tests. He states that the plaintiff's headaches (for which she takes medication), fatigue, and decreased tolerance for frustration are all part of the plaintiff's post-concussive syndrome and "are all secondary to her injuries." [Klitzke Depo., pp. 51]. Having identified that the plaintiff's post-concussive syndrome was the cause of the plaintiff's impairments, Dr. Klitzke is not required to identify which specific symptom of that syndrome led to the plaintiff's deficient psychological test results. The Court finds that Dr. Klitzke's testimony is admissible and relevant on the issue of causation.

For the foregoing reasons, the Defendant's Motion to Exclude Causation Testimony of Michael J. Klitzke, Ph.D. [Doc. 26] is **DENIED**.

**IT IS SO ORDERED.**

**ENTER:**

s/ H. Bruce Guyton
United States Magistrate Judge